IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

FILED
SEP - 3 2010
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| ANDREAS STIHL AG & CO. KG, a German Company, and | ) ) ) |
| STIHL INCORPORATED, a Delaware Corporation, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| AHLBORN EQUIPMENT, INC., a Wisconsin Corporation, | ) ) ) |
| Defendant. | ) ) |

NORFOLK DIVISION
Civil Action No. 2:10CV439

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs, Andreas STIHL AG & Co. KG and STIHL Incorporated (collectively "STIHL"), for their complaint against defendant, Ahlborn Equipment, Inc. ("AEI" or "Defendant"), seeking damages, injunctive relief and other relief for patent infringement, allege as follows:

### NATURE OF ACTION

1. This is an action for patent infringement arising under Title 35 of the United States Code seeking monetary damages and injunctive relief against AEI due to its continued violation of STIHL's rights in U.S. Patent Nos. 5,153,967 and 6,079,582.

### PARTIES

2. Andreas STIHL AG & Co. KG is a privately-held company organized and existing under the laws of the Federal Republic of Germany, with its principal place of business at Badstrasse 115, 71336 Waiblingen, Federal Republic of Germany.

3. STIHL Incorporated is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at Oceana West Industrial Park, 536 Viking Drive, Virginia Beach, Virginia 23452. STIHL Incorporated is the sole importer into the United States of products manufactured by Andreas STIHL AG & Co. KG and has been assigned the right to enforce Andreas STIHL AG & Co. KG's patents in the United States.

4. On information and belief, AEI is a corporation organized and existing under the laws of the State of Wisconsin, having a principal place of business located at 248 State Highway 155, Sayner, WI 54560.

## JURISDICTION AND VENUE

5. STIHL's cause of action for patent infringement arises under the patent laws of the United States, Title 35, United States Code, including, without limitation, section 271 entitled, "Infringement of Patent."

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant transacts business within this district, including, without limitation, the offer for sale and sale of the infringing products described herein.

8. Venue in this district is proper pursuant to 28 U.S.C §§ 1391(b) and (c) and 1400(b).

## PATENTS-IN-SUIT

9. On August 14, 1991, a patent application entitled "Handle for a Pull-Rope Starter" was filed with the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 5,153,967, which issued on October 13, 1992 and which is assigned to Andreas STIHL AG & Co. KG (the "Zimmermann Patent").

10. Andreas STIHL AG & Co. KG now holds all right, title and interest in the Zimmermann Patent, and has assigned to STIHL Incorporated the right to enforce the patent in the United States.

11. The Zimmermann Patent was duly and legally issued and is still in full force and effect. A true and accurate copy of the Zimmermann Patent, which is valid and subsisting, is attached hereto as Exhibit A.

12. On January 23, 1997, a patent application entitled "Tank Closure for the Fill Opening of a Fuel Tank" was filed with the United States Patent and Trademark Office, which application resulted in the granting of United States Patent No. 6,079,582, which issued on June 27, 2000 and which is assigned to Andreas STIHL AG & Co. KG (the "Nickel Patent").

13. Andreas STIHL AG & Co. KG now holds all right, title and interest in the Nickel Patent, and has assigned to STIHL Incorporated the right to enforce the patent in the United States.

14. The Nickel Patent was duly and legally issued and is still in full force and effect. A true and accurate copy of the Nickel Patent, which is valid and subsisting, is attached hereto as Exhibit B.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 5,153,967

15. STIHL hereby incorporates Paragraphs 1 through 14 by reference as if stated herein.

16. Defendant, without STIHL's authorization and in violation of 35 U.S.C. § 271, has infringed and continues to infringe the Zimmermann Patent by importing, using, offering to sell, and/or selling elastic starter handles, including, without limitation, products that AEI

identifies as the Forester™ Starter Handle with Rope (Part No. F15120R2), which are covered by at least claim 1 of the Zimmermann Patent.

17. To the extent that the facts learned in discovery show that Defendant's infringement of the Zimmermann Patent is or has been willful, STIHL reserves the right to request such a finding at the time of trial.

18. Defendant's conduct has caused STIHL to be deprived of rights, remunerations and lost profits which would have otherwise come to STIHL but for the infringement, thereby entitling STIHL to damages.

19. STIHL has no adequate remedy at law, and Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to STIHL.

20. As a result of Defendant's wrongful conduct, STIHL is entitled to injunctive relief.

## COUNT II

## INFRINGEMENT OF
## U.S. PATENT NO. 6,079,582

21. STIHL hereby incorporates Paragraphs 1 through 20 by reference as if stated herein.

22. Defendant, without STIHL's authorization and in violation of 35 U.S.C. § 271, has infringed and continues to infringe the Nickel Patent by importing, using, offering to sell, and/or selling fuel tank caps, including, without limitation, products that AEI identifies as the Forester™ Replacement Oil Cap (Part No. FO-0105L), the Forester™ Replacement Fuel Cap (Part No. FO-0105), and the Forester™ Replacement Fuel Cap (Part No. FOR-6054), each of which is covered by at least claim 1 of the Nickel Patent.

23. To the extent that the facts learned in discovery show that Defendant's infringement of the Nickel Patent is or has been willful, STIHL reserves the right to request such a finding at the time of trial.

24. Defendant's conduct has caused STIHL to be deprived of rights, remunerations and lost profits which would have otherwise come to STIHL but for the infringement, thereby entitling STIHL to damages.

25. STIHL has no adequate remedy at law, and Defendant's conduct has caused and, if not enjoined, will continue to cause irreparable damage to STIHL.

26. As a result of Defendant's wrongful conduct, STIHL is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, STIHL prays:

A. That this Court order, adjudge and decree that Defendant has infringed one or more claims of the Zimmermann Patent and the Nickel Patent in violation of 35 U.S.C. § 271.

B. That injunctions, preliminary and permanent, be issued out of this Court restraining Defendant, and its officers, agents, servants and employees, from directly or indirectly making or causing to be made, selling, or causing to be sold, or offering for sale, importing, or using or causing to be used in any way the inventions of the claims of the Zimmermann Patent and the Nickel Patent, or otherwise directly infringing, contributorily infringing or inducing infringement of the Zimmermann Patent and the Nickel Patent.

C. That this Court order Defendant, its officers, agents, servants and employees to deliver up to this Court for destruction all products infringing upon, directly or otherwise, any claim of the Zimmermann Patent or the Nickel Patent, or the use of which would infringe, directly or otherwise, any claim of the Zimmermann Patent or the Nickel Patent.

D. That Defendant be ordered to account for and pay over all proceeds and profits made by it from its wrongful infringing acts, and to account for and pay to STIHL damages in a sum to be determined by the Court.

E. That, if the evidence warrants, the damages awarded by the Court to STIHL be trebled in view of intentional copying of STIHL's patented inventions and willful and wanton violation of STIHL's patent rights.

F. That, if the evidence warrants, this Court find this to be an exceptional case under 35 U.S.C. § 285 and order Defendant to pay to STIHL reasonable attorney's fees and all other costs which may be incurred by STIHL.

G. That this Court order Defendant to pay the costs of this action, pre-judgment interest and post-judgment interest.

H. That this Court grant to STIHL such other and further relief as may be deemed just and equitable.

## JURY DEMAND

STIHL hereby demands trial by jury on all issues so triable.

Dated: September 3, 2010

Respectfully submitted,

ANDREAS STIHL AG & CO. KG, and
STIHL INCORPORATED

_____
David E. Finkelson (VSB No. 44059)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219
Tel:   804.775.1000
Fax:  804.225.5377
dfinkelson@mcguirewoods.com